IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: OCTOBER 28, 2008
08CV6184
JUDGE CONLON
MAGISTRATE JUDGE ASHMAN
PH

| | | |
|---|---|---|
| TERRELL JONES, JR., TERRELL JONES, SR., and LORELL JONES | ) ) ) | |
| Plaintiffs, | ) ) | No. |
| v. | ) ) | JUDGE |
| COOK COUNTY SHERIFF, DEPUTY SHERIFF VALENCIA, #4545, DEPUTY SHERIFF MCINERNEY, #4014, AND, AND UNKNOWN COOK COUNTY SHERRIFF'S DEPUTIES | ) ) ) ) ) ) | MAGISTRATE |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

NOW COME Plaintiffs, Terrell Jones, Jr., Terrell Jones, Sr., and Lorell Jones, and complaining of Defendants, COOK COUNTY SHERIFF, Cook County Sherriff's Deputies: Deputy Sheriff Valencia, #4545, Deputy Sheriff McInerney, #4104, and Unknown Cook County Sheriff's Deputies, and state as follows:

### Introduction

1.  This action, arising out of the assault and battery of plaintiffs and the false arrest of Terrell Jones, Jr. by Cook County Sheriff's Deputies, is brought pursuant to 42 U.S.C. Section 1983, and pendant state laws, to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all

parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## The Parties

3.       Plaintiffs Terrell Jones, Jr. and Terrell Jones, Sr., and Lorell Jones are family members who reside together in Cook County.

4.       The individual Cook County Sherriff's deputies and the Unknown Cook County Sherriff's Deputies, collectively the "Defendant Deputies," were, at the time of this occurrence, duly licensed Cook County Sheriff's deputies.  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law.  They are sued in their individual capacities.

5.       Defendant  Cook County Sheriff, at all times material to this complaint, was a law enforcement agency under the laws of Cook County and the State of Illinois, and is and was the employer of the police personnel named herein as agents of the Cook county Sheriff. The Cook County Sheriff is sued pursuant to the doctrine of respondeat superior in the pendant State law claims.

## Facts

6.       On March 19, 2008 at or around 8:30 p.m., Terrell Jones, Jr. and his sister Lorell Jones were in the home of their father Terrell Jones, Sr.

7.       Defendant Deputies approached the front door of the home and announced that they were looking for Terrell Jones.

8.       Terrell Jones, Jr. came to the door, and told the Defendant Deputies that he was Terrell Jones.

9.       Defendant officers said that they were looking for Terrell Jones, Sr., who is 71

years old.

10. When Terrell Jones, Jr. asked why they were looking for his elderly father, Defendant Officers pushed Mr. Jones, Jr. into the wall causing the glass picture frame behind him to shatter and fall.

11. Defendant Deputies took Mr. Jones, Jr. to the ground, handcuffed him, and continued to beat him; Defendant Deputies struck Mr. Jones, Jr. across the face with a baton, causing a bloody gash.

12. When Lorell Jones pleaded with the Defendant Officers to stop beating her brother, one of the Defendant Deputies spit on her.

13. The Defendant Deputies dragged Mr. Jones, Jr. out of his father's house.

14. Defendant Deputies threw Mr. Jones Sr. to the ground.

15. One of Defendant Deputies told Mr. Jones, Jr., "Shut the fuck up, nigger." The Defendant Deputy pushed Mr. Jones, Jr. onto a sheriff's cruiser, grabbed his testicles, squeezing them so hard as to cause serious swelling and injury.

16. Mr. Jones, Jr. was transported to the police station; bloody, without shoes, and with his ripped shirt hanging off of him.

17. At the station, the Defendant deputies joked and bragged about squeezing Mr. Jones' testicles and smashing his face with the baton.

18. Supervisors were present and involved in the police misconduct.

19. Mr. Jones, Jr. was falsely charged with battery and resisting a police officer, crimes that the defendants knew that Mr. Jones, Jr. did not commit, and were eventually dismissed.

**Count I – 42 U.S.C. § 1983**

**Fourth Amendment – Excessive Force**

20. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

21. As described in the preceding paragraphs, the conduct of the Defendant Deputies, against Terrell Jones, Jr. and Terrell Jones, Sr., acting under color of law, constituted excessive force in violation of the United States Constitution.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. As a result of the Defendant Deputies' unjustified excessive use of force, as well as the Cook County Sheriff's policy and practice, Plaintiffs have experienced pain and suffering, and emotional distress.

**Count II – 42 U.S.C. § 1983**
**Failure to Intervene**

25. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

26. In the manner described throughout this Complaint, during the constitutional violations described herein, Unknown Cook County Sheriff's Deputies, stood by without intervening to prevent the misconduct of the Defendant Deputies.

27. As a result of the Unknown Cook County Sheriff's Deputies' failure to intervene to prevent the violation of Plaintiffs' constitutional rights, Plaintiffs suffered pain and injury, as well as emotional distress, as is more fully described throughout this Complaint.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs.

**Count III – State Law Claim**
**Battery**

29.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

30.     As described more fully in the preceding paragraphs the actions of the Defendant Deputies constituted offensive physical contact made without the consent of Plaintiffs.

31.     The Defendant Deputies' actions were undertaken intentionally, willfully and wantonly or were willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

32.     The Defendant Deputies' conduct was the proximate cause of Plaintiffs' great bodily harm, pain, and suffering. Terrell Jones, Jr. in particular experienced serious injuries and humiliation as a result of Defendants' actions.

**Count IV – State Law Claim**
**False Imprisonment**

33.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

34.     As more fully described above, Defendant Deputies willfully and wantonly detained Plaintiff Terrell Jones, Jr., without probable cause or any other legal justification to do so.

35.     As a direct and proximate cause of this misconduct, Plaintiff suffered damages as more fully described above and which will be proven at trial.

**Count V – State Law Claim**
**Intentional infliction of Emotional Distress**

36.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

37.     As described in the preceding paragraphs, the willful and wanton misconduct of Defendant Deputies toward all Plaintiffs was extreme and outrageous.

38.     Given the nature of the misconduct described above, Defendant Deputies committed their misconduct with knowledge that their actions were likely to cause severe emotional distress to Plaintiffs.

39.     As a direct and proximate cause of Defendant Deputies' misconduct, Plaintiffs have suffered severe emotional distress.

### Count VI – State Law Claim
### Assault

40.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

41.     The above-detailed conduct by Defendants caused Plaintiff Lorell Jones to reasonably suffer apprehension of imminent bodily harm.

42.      Defendants performed the acts detailed above with the intent of causing such apprehension in Plaintiff.

43.     As a direct and proximate result of this conduct, Plaintiff suffered psychological injury.

### Count VII – State Law Claim
### 745 ILCS 10/9-102

44.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

45.     Defendant Cook County Sheriff is the employer of all of the Defendant Deputies.

46.     The Defendant Deputies committed the acts alleged above under color of law and in the scope of their employment as employees of the Cook County Sheriff.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against the Defendants, and other unknown Cook County Sheriff's Deputies, jointly and severally, for compensatory damages and, because the Defendant Deputies acted maliciously, wantonly, or oppressively, Plaintiff seeks punitive damages against the individual Defendant Deputies in the

individual capacities, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

                                                Respectfully submitted,

                                                <u>/s/ James Baranyk</u>
                                                One of the Attorneys for Plaintiff

Christopher Smith
Robert Johnson
Amanda Antholt
James Baranyk
Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
(312) 432-0400